■ PATRICIA CARLOS, Appellant, v NEW ROCHELLE MUNICIPAL HOUSING AUTHORITY, Respondent. [692 NYS2d 428] —In an

action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered July 2, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped on garbage or debris in a stairwell of a building owned by the defendant. The defendant moved for summary judgment, alleging that it neither created the allegedly dangerous condition, nor had actual or constructive notice of it. In support of its motion, the defendant submitted the affidavit of its executive director stating that no prior complaints had been received with respect to debris or garbage accumulating on the stairwell. In opposition, the plaintiff contends that the stairwell was often littered with debris and garbage, and the defendant was therefore on constructive notice of a recurring condition. The plaintiff submitted the affidavits of three nonparty witnesses who alleged that they often noticed garbage and litter on the stairs prior to the accident. Two of the witnesses, who reside at the premises, stated that they had made complaints about this condition to the "porters and/or superintendents" prior to the plaintiff's accident.

The defendant made a prima facie showing of the absence of actual or constructive notice of the allegedly dangerous condition. To withstand the motion for summary judgment, the plaintiff was required to show by specific factual references that the defendant had knowledge of the allegedly recurring condition of garbage and debris on the stairwell (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358). The conclusory affidavits of the nonparty witnesses, which fail to identify how long the condition existed, or the identity of the persons to whom notice of the condition was allegedly given, and when and how it was given, are without probative value (*see, Young v Fleary,* 226 AD2d 454), and summary judgment was properly granted. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.