■ FLEET BANK, Respondent, v POWERHOUSE TRADING CORP., Defendant, and MONIQUE ROLON, Appellant. [700 NYS2d 53] —In an action to recover damages for a dishonored check, the defendant Monique Rolon appeals from (1) an order of the

Supreme Court, Nassau County (Burke, J.), entered August 7, 1998, which granted the plaintiff's motion for leave to enter a judgment upon her failure to appear and answer, and (2) a judgment of the same court entered August 14, 1998, in favor of the plaintiff and against her in the principal sum of $23,607.13.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The appellant's contention that the Supreme Court erred in granting the plaintiff leave to enter a judgment upon her failure to appear and answer is without merit. The plaintiff established its prima facie entitlement to judgment and the appellant failed to proffer any excuse in opposition to the motion, much less a reasonable excuse, for her failure to appear and answer the verified complaint (*see,* CPLR 3012 [d]; 3215). The appellant's belated argument that the plaintiff is not a holder in due course of the dishonored check due to a lack of endorsement, raised for the first time on appeal, is unpreserved for appellate review (*see, Dufficy v Wharf Bar & Grill,* 217 AD2d 646; *Gordon v Hong,* 126 AD2d 514). In any event, it is without merit since "a default admits all factual allegations of the complaint and all reasonable inferences therefrom" (*Silberstein v Presbyterian Hosp.,* 96 AD2d 1096). Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.