■ EDWARD LOPEZ, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [705 NYS2d 279] —In an action, *inter alia*, to recover damages for employment discrimination, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Barron, J.), dated May 6, 1999, which, *inter alia*, granted those branches of the defendants' motion which were for leave to move for summary judgment pursuant to CPLR 3212 (a), to dismiss so much of the complaint as asserted a cause of action to recover damages pursuant to the New York City Human Rights Law, and to strike his demand for a jury trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

All of the plaintiff's present contentions are raised for the first time on appeal, and therefore are not properly before this Court (*see, Fleet Bank v Powerhouse Trading Corp.*, 267 AD2d 276; *Dufficy v Wharf Bar & Grill*, 217 AD2d 646). In any event, the Supreme Court providently exercised its discretion in granting the defendants' motion for leave to move for summary judgment (*see,* CPLR 3212 [a]; *Olzaski v Locust Val. Cent. School Dist.*, 256 AD2d 320; *Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778). Further, so much of the complaint as asserted a cause of action to recover damages pursuant to the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*) was properly dismissed, since the private right of action created by Administrative Code § 8-502 applies only to causes of action arising on or after its effective date (*see,* Local Laws, 1991, No. 39 of City of New York § 4 [6]; *Batchelor v NYNEX Telesector Resources Group*, 213 AD2d 189, 190).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.