■ RAFFAELA TUCCI, Respondent, v STEWART'S ICE CREAM COMPANY, INC., Appellant. [746 NYS2d 60] —Carpinello, J. Appeal from an order of the Supreme Court (Best, J.), entered December 21, 2001 in Montgomery County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for personal injuries sustained when she slipped and fell in defendant's store. According to plaintiff, she started down the dairy aisle and slipped in a puddle of water which she did not see until after she fell. After joinder of issue and discovery, defendant moved for summary judgment and now appeals from the denial of that motion.

Inasmuch as there is no claim that defendant created the puddle in which plaintiff allegedly fell, liability must be based on defendant's notice of the dangerous condition (*see, Bernardo v P. & J. Edwards*, 246 AD2d 950). As the party seeking summary judgment, defendant had the initial burden to demonstrate that it lacked actual or constructive notice (*see, Hughes v Carrols Corp.*, 248 AD2d 923). In support of its motion, defendant submitted evidence that the dairy aisle had been inspected and found to be clean and dry within half an hour prior to plaintiff's fall, which is ordinarily sufficient to satisfy a defendant's burden in a case of this nature (*see, Altieri v Golub Corp.*, 292 AD2d 734, 735). Relying on other evidence in defendant's submission, however, plaintiff claims that defendant failed to meet its burden. We disagree.

The deposition testimony of a store employee discloses that it had been raining for a period of time before plaintiff fell, that carpets had been placed near the store entrance to catch water tracked in by customers and that two signs warning of a wet floor had been placed near the entrance. The employee also testified that during inclement weather, employees exercised

"added awareness" of wet conditions and mopped whenever necessary. This evidence of defendant's general awareness of possible hazards created by water tracked into the store during inclement weather and the precautions taken at the store to alleviate them is not inconsistent with the evidence demonstrating defendant's lack of notice of the particular wet condition that allegedly caused plaintiff's fall and is insufficient to defeat defendant's entitlement to judgment as a matter of law (*see, Dominy v Golub Corp.*, 286 AD2d 810).

During her deposition, the store employee conceded that in completing defendant's internal incident report form, she had circled "wet" as the condition of the floor. She explained that she did so merely to note the general conditions at the front of the store and not the particular condition of the floor where plaintiff fell, which she described as dry immediately after plaintiff fell. We agree with plaintiff that despite the employee's explanation, the notation on the report can be construed as inconsistent with the employee's testimony regarding the condition of the floor in the dairy aisle immediately after plaintiff fell. There is, however, no merit to plaintiff's claim that the wet floor notation in the report demonstrates defendant's notice of the dangerous condition that allegedly caused plaintiff's fall.

The report was prepared after plaintiff fell and there is nothing in the report to suggest that the notation was intended to encompass the condition of the floor at any time prior thereto. At most, the wet floor notation demonstrates that defendant's employee learned from plaintiff's fall that the floor where she fell was wet, which is insufficient to establish the element of notice (*see, Fasolino v Charming Stores*, 77 NY2d 847). With the exception of the wet floor notation in the report, this case is virtually indistinguishable from *Dominy v Golub Corp. (supra)* and, since the notation is not inconsistent with defendant's evidence that the dairy aisle was inspected and found to be dry within half an hour prior to plaintiff's fall, we conclude that defendant established its entitlement to judgment as a matter of law. To the extent that plaintiff relies on evidence that the floor was recently stripped and waxed, plaintiff offered no evidence of negligent application of the wax (*see, Malossi v State of New York*, 255 AD2d 807).

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.