■ ANN M. STONE et al., Appellants, v LONG ISLAND JEWISH MEDICAL CENTER, INC., et al., Respondents. [754 NYS2d 352] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Berke, J.), dated December 21, 2001, which granted the motion of the defendants Long Island Jewish Medical Center, Inc., and Henry Hoffman Schneider Children's Hospital, and the separate motion of the defendant Marriott Management Services Corp., for summary judgment dismissing the complaint insofar as asserted against them, and dismissed the complaint.

Ordered that the order is affirmed, with one bill of costs pay-

able to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the plaintiff Ann Marie Stone (hereinafter the plaintiff) when she slipped and fell in a puddle of water in a hallway of the defendant Long Island Jewish Medical Center, Inc.

The Supreme Court properly granted the motions for summary judgment. The defendants sustained their burden of demonstrating, prima facie, that they neither created nor had notice of the alleged dangerous condition (*see Bernstein v Giant Food Stores,* 301 AD2d 620). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Kraemer v K-Mart Corp.,* 226 AD2d 590). To constitute constructive notice, a condition must be visible and apparent, and must exist for a sufficient length of time before the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837). In the absence of proof as to how long the puddle of water was on the floor, there is no evidence to permit an inference that the defendants had constructive notice of the condition (*see McDuffie v Fleet Fin. Group,* 269 AD2d 575). Further, to support their argument that water on the hallway floor was a recurring condition, the plaintiffs were "required to show by specific factual references that the defendant had knowledge of the allegedly recurring condition" (*Carlos v New Rochelle Mun. Hous. Auth.,* 262 AD2d 515, 516). Conclusory affidavits "which fail to identify how long the condition existed, or the identity of the persons to whom notice of the condition was allegedly given, and when and how it was given," are insufficient (*Carlos v New Rochelle Mun. Hous. Auth., supra* at 516). Accordingly, the motions for summary judgment dismissing the complaint were properly granted (*see Yearwood v Cushman & Wakefield,* 294 AD2d 568). Moreover, the Supreme Court correctly denied the plaintiffs' request to postpone the determination of the motions pursuant to CPLR 3212 (f).

In light of the foregoing, the remaining argument of the defendant Marriott Management Services Corp. has been rendered academic. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.