■ MAUREEN GROTTANO, Respondent, v CITY OF NEW YORK, Defendant, and DAYTON BEACH PARK NO. 1 CORP. et al., Appellants. [757 NYS2d 795] —In an action to recover damages for personal injuries, the defendants Dayton Beach Park No. 1 Corp., and Elm Management Associates, Inc., appeal from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated March 14, 2002, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff allegedly sustained personal injuries as a result of a slip and fall on spilled liquid while descending the stairs between the fourth and fifth floors of the high-rise apartment building in which she is a tenant. The building allegedly is owned by the defendant City of New York, and managed and maintained by the appellants.

In support of their motion for summary judgment, the appellants demonstrated, prima facie, that they had neither actual nor constructive notice of the spilled liquid that allegedly caused the plaintiff's fall (*see Blaszczyk v Riccio,* 266 AD2d 491 [1999]). In opposition thereto, the plaintiff failed to demonstrate the existence of a triable issue of fact. The wholly conclusory affidavit of a resident of a third-floor apartment who claimed to have made "numerous verbal complaints" about various unsanitary conditions on the stairs failed to establish the existence of a specific recurring condition, and was legally insufficient to constitute notice of the particular condition that caused the plaintiff's fall (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Gloria v MGM Emerald Enters.,* 298 AD2d 355, 356 [2002]).

The plaintiff's remaining contentions lack merit. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.