■ ELLEN LEVITT, Appellant, v COMPUTER ASSOCIATES INTERNATIONAL, INC., Respondent. [760 NYS2d 356] —In an ac-

tion, inter alia, to recover unpaid commissions, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered April 24, 2002, as, upon a jury verdict in favor of the defendant and against her on the first and fifth causes of action, and upon an order of the same court dated April 8, 2002, denying that branch of her motion pursuant to CPLR 4404 (a) which was to set aside the verdict with respect to the fifth cause of action as against the weight of the evidence, is in favor of the defendant and against her dismissing those causes of action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

When the language of a contract is unambiguous, a court will enforce its plain meaning rather than rewrite the agreement, and its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (*see Laba v Carey,* 29 NY2d 302, 308 [1971]; *Weiner v Anesthesia Assoc. of W. Suffolk,* 203 AD2d 454 [1994]). Contrary to the plaintiff's contention, the Supreme Court properly interpreted the defendant's sales compensation plan as reserving discretion in the defendant to adjust the value of the transaction upon which the plaintiff's sales commission was based.

The Supreme Court also properly concluded that, pursuant to the terms of the sales compensation plan, the plaintiff was not entitled to a commission on a proposed transaction that was rejected by the defendant.

The plaintiff's remaining contentions are without merit. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.