■ Gwendolyn DeLeon, Respondent, v New York City Transit Authority, Appellant. [772 NYS2d 874]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 7, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped on an object she described as a chips' bag or snack bag and fell down the stairs of a subway station. She did not see the bag prior to her fall. The plaintiff commenced this action against the New York City Transit Authority (hereinafter the TA) alleging, inter alia, that it negligently permitted the stairway to remain in a debris-ridden, dangerous condition.

The TA met its initial burden of establishing its entitlement to summary judgment by demonstrating that it neither created nor had actual or constructive notice of the alleged dangerous condition on the stairway (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Cooper v Town of Huntington,* 304 AD2d 785 [2003]). Any finding that the debris had been on the stairway for a sufficient length of time prior to the accident to permit the TA's employees to discover and remedy it would be mere speculation (*see Gordon v American Museum of Natural History, supra; Rojas v Supermarkets Gen. Corp.,* 238 AD2d 393 [1997]; *Young v Whitman Deli,* 214 AD2d 560 [1995]).

In opposition, the plaintiff failed to raise a triable issue of fact as to the TA's negligence. The conclusory affidavit of a nonparty-witness regarding her observation of debris on the stairway on previous occasions was insufficient to raise a triable issue of fact as to whether the TA had notice of a recurring condition (*see Grottano v City of New York,* 304 AD2d 713 [2003]; *Stone v Long Is. Jewish Med. Ctr.,* 302 AD2d 376 [2003]; *Carlos v New Rochelle Mun. Hous. Auth.,* 262 AD2d 515 [1999]; *see also Piacquadio v Recine Realty Corp.,* 84 NY2d 967 [1994]).

The plaintiff's contention regarding the admissibility of the documents relied upon by the TA is unpreserved for appellate review as it was raised for the first time on appeal (*see Zafonte v*

*Steinhammer,* 277 AD2d 450 [2000]; *Fleet Bank v Powerhouse Trading Corp.,* 267 AD2d 276 [1999]). S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.