■ H. Fox & Co., Inc., Respondent, v Helaine Blumenfeld et al., Appellants. [809 NYS2d 87]—

In an action, inter alia, for specific performance of an option to purchase real property contained in a lease, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated November 17, 2004, which granted the plaintiff's motion to preliminarily enjoin the defendants from transferring or net-leasing the subject property to a third party and denied their cross motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The subject lease included both an option for the plaintiff to purchase the leased premises for a purchase price of $450,000, as well as a right of first refusal. In April 2004 the defendants received a bona fide third-party offer to purchase the leased premises for a purchase price of $1,200,000 and so notified the plaintiff. Rather than exercise its right of first refusal, however, the plaintiff elected instead to exercise the fixed-price purchase option. The defendants refused the plaintiff's exercise of the option, and this action for specific performance ensued.

The subject lease expressly provided that the fixed-price purchase option was "absolute," was exercisable by the plaintiff "at any time during the Option Period," and applied "[n]otwithstanding anything to the contrary set forth in this lease (including, without limitation, the provisions of [the right of first refusal])." The "Option Period" was still in effect when the plaintiff elected to exercise the fixed-price option.

"When the language of a contract is unambiguous, a court will enforce its plain meaning rather than rewrite the agreement, and its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence" (*Levitt v Computer Assoc. Intl.,* 306 AD2d 251 [2003]; *see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). In light of the plain and unambiguous language of the lease, the defendants' contention that the right of first refusal took prece-

dence over the fixed-price purchase option is without merit (*see Texaco Ref. & Mktg. v Fischer,* 173 AD2d 692, 693-694 [1991]). Accordingly, the Supreme Court did not err in preliminarily enjoining the defendants from transferring or net-leasing the subject premises to a third party, and properly denied the defendants' cross motion, inter alia, for summary judgment dismissing the complaint.

The defendants' remaining contentions are either unpreserved for appellate review because they are raised for the first time on appeal (*see Zafonte v Steinhammer,* 277 AD2d 450 [2000]; *Fleet Bank v Powerhouse Trading Corp.,* 267 AD2d 276 [1999]) or without merit. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.