■ GRACE ULU, Respondent, v ITT SHERATON CORPORATION et al., Appellants. [813 NYS2d 441]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated October 19, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff alleged that she sustained injuries when she slipped and fell into a bathtub in a second floor hallway bathroom while attending a conference at a hotel owned and operated by the defendants. Following the accident, she allegedly observed moisture on the bathroom floor and surmised that she had slipped on it. The defendants moved for summary judgment, arguing that they neither created the condition nor had actual or constructive notice of it. The Supreme Court denied the motion. We reverse.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512 [2005]; *see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]). The defendants submitted evidence that no hallway bathrooms in the hotel were equipped with bathtubs, and that only fifth floor conference rooms had bathrooms which contained bathtubs. Thus, the accident could not have occurred in the manner or at the location described by the plaintiff. Moreover, the defendants established that, in connection with the conference which the plaintiff attended, the hotel followed a policy of inspecting conference room facilities, including conference and hallway bathrooms, every 15 to 25 minutes, and promptly corrected any problems which those inspections revealed. This showing demonstrated the defendants' prima facie entitlement to judgment as a matter of law (*see generally Friedenreich v Roosevelt Field Mall Mgt.*, 18

AD3d 808 [2005]; *Grottano v City of New York,* 304 AD2d 713 [2003]; *Stone v Long Is. Jewish Med. Ctr.,* 302 AD2d 376 [2003]).

In arguing that the defendants were on constructive notice of the alleged condition, the plaintiff was required to raise a triable issue of fact by submitting evidence that the condition was visible and apparent for a sufficient period of time to afford the defendants' employees a reasonable opportunity to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Crawford v AMF Bowling Ctrs., Inc.,* 18 AD3d 798 [2005]). The plaintiff failed to come forward with any evidence suggesting that the alleged wet condition upon which she claimed to have fallen was present for any appreciable length of time prior to her accident (*see Deveau v CF Galleria at White Plains, LP,* 18 AD3d 695 [2005]; *Gilliam v White Castle,* 8 AD3d 428 [2004]; *Tucci v Stewart's Ice Cream Co.,* 296 AD2d 650 [2002]). Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.