■ EDUARDA GREEN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [825 NYS2d 227]—

In an action to recover damages for personal injuries, the defendant City of New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 29, 2005, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion for summary judgment dismissing the complaint insofar as asserted against the appellant is granted.

The plaintiff commenced this action to recover damages for injuries she sustained after she allegedly slipped and fell on a

wet stair in a staircase of the building where she was employed as a security guard. The plaintiff acknowledged at her deposition that she did not know the exact cause of her fall.

The appellant established its prima facie entitlement to summary judgment dismissing the complaint as to it. There is no evidence that the appellant had actual notice of the wet stair. Moreover, " '[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (*Crawford v AMF Bowling Ctrs., Inc.,* 18 AD3d 798, 799 [2005], quoting *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). The evidence in this case was consistent with a finding that a liquid was spilled on the stair as little as seconds before the plaintiff fell. Thus, any finding that the substance upon which the plaintiff fell had been on the stair for an appreciable period of time would be mere speculation (*see Pianforini v Kelties Bum Steer,* 258 AD2d 634, 635 [1999]).

In opposition to the appellant's cross motion for summary judgment, the plaintiff failed to raise a triable issue of fact. The plaintiff attempted to establish that the appellant possessed constructive notice by arguing that there was a recurrent condition of debris on the staircase. However, to support that argument, the plaintiff was "required to show by specific factual references that the defendant had knowledge of the allegedly recurring condition" (*Stone v Long Is. Jewish Med. Ctr.,* 302 AD2d 376, 377 [2003] [internal quotation marks omitted]; *Carlos v New Rochelle Mun. Hous. Auth.,* 262 AD2d 515, 516 [1999]). In an affidavit which was submitted in opposition to the motion, the plaintiff referred to the condition only in general terms. Moreover, at her deposition, the plaintiff acknowledged that she never complained about the "dirty condition" of the stairs, and no other evidence was presented that the appellant was aware of the alleged recurring condition. Accordingly, the Supreme Court should have granted the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Adams, Dillon and Covello, JJ., concur.