■ GIVI KOBIASHVILLI et al., Respondents, v MITCHELL HILL et al., Appellants, et al., Defendant, and VALANGE GARAGE SERVICES, INC., Respondent. [825 NYS2d 234]—

In an action to recover damages for personal injuries, etc., the defendants Mitchell Hill and Central Queens Properties Corp. appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated November 9, 2001, which denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The injured plaintiff allegedly slipped and fell on some food substance on an exterior, downhill ramp leading to a garage which was located in the basement level of an apartment building. On their motion for summary judgment, the appellants established prima facie that they did not create the allegedly dangerous condition and did not have actual notice of it. On the question of constructive notice, they established their entitlement to judgment as a matter of law by submitting proof that "the length of time for which the [defect] existed was unknown" (*Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410 [2006]), and a finding that the debris was present for a sufficient length of time to be discovered would be pure speculation (*see DeLeon v New York City Tr. Auth.*, 5 AD3d 531 [2004]).

There is no evidence in this record that the nature of the establishment required frequent inspections for debris (*see Yioves v T.J. Maxx, Inc.*, 29 AD3d 572 [2006]; *Britto v Great Atl.*

*& Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]; *Tucci v Stewart's Ice Cream Co.*, 296 AD2d 650 [2002]; *Altieri v Golub Corp.*, 292 AD2d 734 [2002]; *Mancini v Quality Mkts.*, 256 AD2d 1177 [1998]). On the question of a recurring condition, the plaintiffs bore the burden of submitting evidence that the appellants had actual notice of such a condition (*see Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376 [2003]). The injured plaintiff's conclusory statements in his affidavit were insufficient to raise a triable issue of fact on that issue (*see Grottano v City of New York*, 304 AD2d 713 [2003]).

Accordingly, the appellants were entitled to summary judgment.

The appellant's arguments with respect to that branch of their motion which was for summary judgment on that part of their cross claim which was asserted by the defendant Central Queens Properties Corp. for contractual indemnification against the defendant Valange Garage Services, Inc., are not properly before us on this appeal as that branch of the motion remains pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.