■ Givi Kobiashvilli et al., Respondents, v Mitchell Hill et al., Respondents, Valange Garage Services, Inc., Appellant, et al., Defendant. [828 NYS2d 68]—

In an action to recover damages for personal injuries, etc., the defendant Valange Garage Services, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated August 1, 2005, as, upon granting the plaintiffs' motion to vacate an order of the same court dated September 25, 2001, which, upon their default, granted its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order dated August 1, 2005 is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Valange Garage Services, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The facts of this case are described in a companion appeal (*see Kobiashvilli v Hill*, 34 AD3d 746 [2006] [decided herewith]). As in that case, on its motion for summary judgment, the appellant established prima facie that it did not create the allegedly

dangerous condition and did not have actual notice of it. On the question of constructive notice, the appellant established its entitlement to judgment as a matter of law by submitting proof that "the length of time for which the [defect] existed was unknown" (*Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410 [2006]), and a finding that the debris was present for a sufficient length of time to be discovered would be pure speculation (*see DeLeon v New York City Tr. Auth.*, 5 AD3d 531 [2004]).

There is no evidence in this record that the nature of the establishment required frequent inspections for debris (*see Yioves v T.J. Maxx, Inc.*, 29 AD3d 572 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]; *Tucci v Stewart's Ice Cream Co.*, 296 AD2d 650 [2002]; *Altieri v Golub Corp.*, 292 AD2d 734 [2002]; *Mancini v Quality Mkts.*, 256 AD2d 1177 [1998]). On the question of a recurring condition, the plaintiffs bore the burden of submitting evidence that the appellants had actual notice of such a condition (*see Stone v Long Is. Jewish Med. Ctr.*, 302 AD2d 376 [2003]). The injured plaintiff's conclusory statements in his affidavit were insufficient to raise a triable issue of fact on that issue (*see Grottano v City of New York*, 304 AD2d 713 [2003]).

Accordingly, upon vacatur of the plaintiffs' default, the appellant was entitled to summary judgment on the merits. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.