■ DOROTHY JONES, Appellant, v NEW YORK-PRESBYTERIAN HOSPITAL, Also Known as COLUMBIA UNIVERSITY MEDICAL CENTER, et al., Respondents. [51 NYS3d 396]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered November 1, 2016, which granted defendants' motion to vacate and set aside a jury verdict and dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied, the verdict reinstated, and the matter remanded for the court's consideration of defendants' alternative request for relief.

Plaintiff tripped and fell in the vestibule of the Harkness Pavilion, which is owned and maintained by defendants New York-Presbyterian Hospital a/k/a Columbia University Medical Center and New York Presbyterian Healthcare System, Inc.

At trial, plaintiff testified that after she entered the vestibule, her left foot got caught on "a dirty [surgical or food service] cap," and she lost her balance. Plaintiff "started to propel forward and then [her right] foot went down into a little hole," causing her to lose her balance a second time. Testimony by defendant's employee established that the vestibule had flooded a month earlier, and four damaged ceramic floor tiles were removed. The tiles had not been repaired by the date of the accident. Instead, defendants' maintenance department covered the area with a rubber rain mat, which would bend when people walked over it. Thus, the evidence establishes, and the jury found, that the cap, the missing tiles, and the mat were concurrent causes of plaintiff's injuries.

However plaintiff failed to establish by a preponderance of the evidence that defendants caused the cap to be left on the ground (*see Briggs v Pick Quick Foods, Inc.*, 103 AD3d 526, 526 [1st Dept 2013]; *Stevens v Loblaws Market*, 27 AD2d 975 [4th Dept 1967]). Furthermore, because plaintiff testified that the cap was not visible and apparent, defendants did not have constructive notice that it was on their floor (*see Lance v Den-Lyn Realty Corp.*, 84 AD3d 470, 470 [1st Dept 2011]). Finally, plaintiff failed to establish that the presence of caps was a recurring condition in the vestibule, because there is no testimony that established any complaint to defendants about the caps being on the vestibule's floor (*see Kobiashvilli v Hill*, 34 AD3d 746, 747 [2d Dept 2006], *appeal dismissed* 8 NY3d 905 [2007]).

On the other hand, it is undisputed that defendants knew that there was a hole and/or indentation in their vestibule's floor and that their employees had placed the mat onto the floor to cover the defect. Given this evidence, the jury had ample reason to find defendants liable, even in the absence of a finding that defendants were on notice of any condition related to the caps.

Accordingly, we find that the court erred in setting aside the jury verdict in plaintiff's favor and directing a verdict in defendant's favor, because defendants failed to show that there was no valid line of reasoning and were no permissible inferences which could lead a rational person to the conclusion reached by the jury.

We note that defendant's motion to set aside the verdict asked, as alternative relief, that the court direct a new trial on damages unless plaintiff stipulated to a substantial reduction on damages. Since the motion court granted the motion to set aside the verdict, it did not rule on this prong of the motion. Upon remand, we direct that it do so. Concur—Richter, J.P., Andrias, Kahn and Gesmer, JJ.