Bakalis v Bakalis (2018 NY Slip Op 08912)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Bakalis v Bakalis

2018 NY Slip Op 08912

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-05837
(Index No. 24276/03)

[*1]George Bakalis, appellant, 
vCharalabos P. Bakalis, etc., respondent.

Howard Benjamin, New York, NY, for appellant.
The Coffinas Law Firm, PLLC, New City, NY (George G. Coffinas of counsel), for respondent.

DECISION & ORDER
In a matrimonial action, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered December 29, 2015. The order and judgment granted the defendant's motion for a declaration that he had fully complied with the equitable distribution provisions of the parties' stipulation of settlement dated May 2, 2005, and to direct the plaintiff to return to him certain documents given by him to the plaintiff as security for the payment of his equitable distribution obligations, and declared that the defendant fully complied with the equitable distribution provisions of the stipulation of settlement.
ORDERED that the order and judgment is affirmed, with costs.
The parties were divorced by judgment of divorce entered March 3, 2006, which incorporated the terms of their stipulation of settlement dated May 2, 2005 (hereinafter the stipulation). As part of the equitable distribution provisions of the stipulation, the defendant was required to make installment payments to the plaintiff in the total sum of $620,000. The plaintiff moved for a money judgment against the defendant, asserting that he failed to timely pay the last installment of $136,000. The defendant opposed, stating that he had made the payment, albeit upon the fourth notice to cure, and moved for a declaration that he had fully complied with the equitable distribution provisions of the stipulation and to direct the plaintiff to release certain documents given by him to the plaintiff as security for the payment of his equitable distribution obligations.
We agree with the Supreme Court's determination that the defendant had cured his default in payment pursuant to the stipulation by making the required payment to the plaintiff on the cure date fixed by the plaintiff. The plain and unambiguous terms of the stipulation established that the defendant's payment entitled him to complete redemption of the collateral and security interest given to secure his payment obligation and, therefore, entitled him to a return of the documents held in escrow pending performance (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157; H. Fox & Co., Inc. v Blumenfeld, 24 AD3d 722; Levitt v Computer Assoc. Intl., 306 AD2d 251).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion and directing the return of the subject documents.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court