■ PEDRO T. ROJAS, Appellant, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK OF OZONE PARK, Respondent. [656 NYS2d 346] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Polizzi, J.), entered March

12, 1996, which, upon a ruling granting the defendant's motion for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff and his fifteen-year-old son were in a Pathmark supermarket owned and operated by the defendant Supermarkets General Corporation d/b/a Pathmark of Ozone Park (hereinafter Pathmark) when the plaintiff slipped and fell on some grapes that were lying on the floor of the aisle where canned and bottled juices were sold. At the trial, the plaintiff and his son both testified that they did not see the grapes until after the accident. In addition, they each described the grapes as crushed, dirty, discolored, and surrounded by footprints and wheelmarks. According to the plaintiff's son there were two or three customers in the juice aisle immediately before the accident. At the close of the plaintiff's case, the court granted the defendant's motion for judgment as a matter of law on the ground that the plaintiff failed to prove a prima facie case. We affirm.

It is well settled that in a slip and fall case involving debris on a supermarket floor, the plaintiff must establish that the defendant either created the condition that caused the accident or had actual or constructive notice of the condition (*see, e.g., Rotunno v Pathmark,* 220 AD2d 570; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). Moreover, it is fundamental that "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

Here, there was no evidence that Pathmark created the slippery condition or had actual notice that the grapes were on the floor. As for constructive notice, the evidence was just as consistent with a finding that someone dropped the grapes and crushed them while pushing a shopping cart through the aisle shortly before the plaintiff fell. Thus, "any finding that the grapes had been on the floor for any appreciable period of time would be mere speculation" (*Anderson v Klein's Foods,* 139 AD2d 904, 905). Accordingly, the defendant was entitled to judgment as a matter of law.

Contrary to the plaintiff's contention, the Trial Judge properly precluded the plaintiff's expert witness from testifying. As a general rule, an expert should be permitted to offer an opinion on an issue which involves "professional or scien-

tific knowledge or skill not within the range of ordinary training or intelligence" (*Dougherty v Milliken*, 163 NY 527, 533). Here, the proposed expert admitted that he had not worked in the supermarket industry for the last eight years, was not familiar with Pathmark's safety procedures and never visited the site of the accident. Moreover, even if the issue of constructive notice had been submitted to the jury, any conclusion based on the condition of the grapes did not require professional or scientific knowledge or skill outside the range of the jurors' ordinary experience (*see, Fortunato v Dover Union Free School Dist.*, 224 AD2d 658).

The plaintiff's remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.