Ruth Goldman et. al., Respondents, v Waldbaum, Inc., Doing Business as Waldbaum's, Appellant. [669 NYS2d 669] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered March 18, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced the instant action to recover damages for personal injuries, etc., allegedly suffered by the plaintiff Ruth Goldman when she slipped and fell on water near the lettuce display in the produce aisle of a supermarket owned by the appellant Waldbaum, Inc., d/b/a Waldbaum's (hereinafter Waldbaum). Waldbaum moved for summary judgment on the ground that it neither created the allegedly dangerous condition nor had actual or constructive notice of it. In support of its motion, Waldbaum submitted evidence that neither of the plaintiffs saw anyone spraying produce at the time of the accident, nor were there any track marks in the water.

The plaintiffs asserted, *inter alia,* that the water near the lettuce display constituted a recurrent dangerous condition caused by Waldbaum employees spraying the lettuce with water hourly over the course of the day, and therefore, that Wald-

baum had constructive notice of the dangerous condition. In support of their claim, they submitted the deposition testimony of a Waldbaum employee, stating that the produce was last sprayed at 8 P.M., some two hours before the accident, and an affidavit from another customer, stating that he had "seen patches of water on the floor in the area where" the injured plaintiff fell, without stating where the water came from.

It is well settled that in order "[t]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bradish v Tank Tech Corp.*, 216 AD2d 505, 506; *see, Gaeta v City of New York*, 213 AD2d 509; *Pirillo v Longwood Assocs.*, 179 AD2d 744). On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295; *Padula v Big V Supermarkets*, 173 AD2d 1094). In the instant case, Waldbaum met that burden. The plaintiffs, in opposition, submitted no proof, only speculation, that the wetness on the floor was in fact caused by spraying of the produce.

Accordingly, Waldbaum is entitled to summary judgment dismissing the complaint. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.