■ ANGIE CIOFFREDI et al., Respondents, v P.T. KARIKAS CORP., Doing Business as GREAT BAY DINER, Appellant. [677 NYS2d 801] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated January 21, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Angie Cioffredi allegedly suffered injuries when she slipped in the ladies' restroom of the defendant's diner. At issue in this case is whether the defendant had constructive notice of the allegedly dangerous condition.

On its motion for summary judgment, the defendant made a prima facie showing affirmatively establishing the absence of

notice as a matter of law (*see, Goldman v Waldbaum, Inc.*, 248 AD2d 436; *cf., Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294, 295). The plaintiffs, who allege that the defendant had constructive notice of the alleged defect, failed to come forward with evidence demonstrating that the defect existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Therefore, the court erred in denying the defendant's motion for summary judgment. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.