■ GAIL BACHRACH et al., Appellants, v WALDBAUM, INC., Respondent. [689 NYS2d 531] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 23, 1998, which granted the defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In order for a plaintiff in a slip-and-fall case to establish a prima facie case of negligence, he or she must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Goldman v Waldbaum, Inc.,* 248 AD2d 436). In the instant case, the defendant has met that burden. The plaintiffs, in opposition, submitted no proof, only speculation, that the hazard upon which the injured plaintiff purportedly slipped and fell was present on the floor for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it. S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.