■ HARRIET Fox, Appellant, v KAMAL CORPORATION, Doing Business as TRADE-FAIR, Respondent. [706 NYS2d 142] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated October 8, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff alleged that she slipped on green, leafy vegetable debris in the produce aisle of the defendant's store. To establish a prima facie case of negligence in a slip and fall case, a plaintiff must demonstrate that the defendant created the condition which caused the accident or had actual or constructive notice thereof (*see, Bachrach v Waldbaum, Inc.,* 261 AD2d 426; *Kraemer v K-Mart Corp.,* 226 AD2d 590).

On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Bachrach v Waldbaum, Inc., supra; Goldman v Waldbaum, Inc.,* 248 AD2d 436). Regarding actual notice, the defendant met its burden of proof by proffering the plaintiff's supplemental bill of particulars in which she stated that she was not relying on that theory of liability. Constructive notice requires proof that a defect was visible and apparent and that it existed for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Bachrach v Waldbaum, Inc., supra*).

The defendant failed to establish lack of constructive notice as a matter of law. The defendant relied on the plaintiff's deposition testimony that she did not know how long this debris

had been on the floor before her fall, and on an employee's deposition testimony that the floor was clean at the time of the accident. However, the plaintiff also testified at her deposition that the vegetable debris covered an area about one and one-half feet wide, that some of the leaves were wilted, and that at least three store employees were working in the produce aisle at the time of her fall. We conclude that the defendant's submissions failed to establish as a matter of law that its employees were unaware of the condition for a sufficient length of time before the accident to remedy it. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.