■ RUTH STUMACHER, Respondent, v WALDBAUM, INC., Appellant. [716 NYS2d 573] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 12, 2000, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, and the complaint dismissed.

To establish a prima facie case of negligence, a plaintiff in a slip and fall action must demonstrate that the defendant either created the condition which caused the accident, or had actual or constructive notice of the condition (*see, Goldman v Waldbaum, Inc.,* 248 AD2d 436; *Kraemer v K-Mart Corp.,* 226 AD2d 590). To constitute constructive notice, a defect must be visible and apparent, and it must exist for a sufficient length of time before the accident to permit the defendant or its employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). On a motion for summary judgment to dismiss the complaint based upon a lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Bachrach v Waldbaum, Inc.,* 261 AD2d 426; *Goldman v Waldbaum, Inc., supra*). In the instant case, the defendant met that burden.

The plaintiff, in opposition, submitted no evidence tending to raise an issue of fact that the defendant created or had actual notice of the allegedly dangerous condition that caused her to fall. In the absence of evidentiary facts from which construc-

tive notice may be inferred from the length of time the condition existed, the complaint must be dismissed (*see, Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280; *Moss v JNK Capital,* 211 AD2d 769). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.