■ CLARA JOACHIM et al., Respondents, v 1824 CHURCH AVENUE, INC., Doing Business as CHAE FRUIT AND VEGETABLE, Appellant, et al., Defendants. [784 NYS2d 157]—

In an action to recover damages for personal injuries, etc., the defendant 1824 Church Avenue, Inc., doing business as Chae Fruit and Vegetable, appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated November 7, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Curzio v Tancredi*, 8 AD3d 608 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]; *Fox v Kamal Corp.*, 271 AD2d 485 [2000]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]; *cf. Rojas v Supermarkets Gen. Corp.*, 238 AD2d 393 [1997]). Only after the moving defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Fox v Kamal Corp., supra*).

The Supreme Court properly denied the appellant's motion for summary judgment. Other than testimony that the floor was swept and mopped each day a half hour before the closing of the appellant's store, the appellant had no schedule for maintaining the floor. The employees were instructed to clean the floor any time it was necessary, but no specific employee was responsible for seeing that this was done. The plaintiff Clara Joachim slipped and fell at about 10:30 A.M., approximately 2½ hours after the store opened, but the appellant offered no evidence if or when the floor was last inspected or swept that day. Accordingly, the appellant failed to satisfy its initial burden (*see Fox v Kamal Corp, supra; Beltran v Metropolitan Life Ins. Co.*, 259 AD2d 456, 457 [1999]; *Van Steenburg v Great Atl. & Pac. Tea Co.*, 235 AD2d 1001 [1997]). Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.