■ ROSALYN CRAWFORD, Respondent, v AMF BOWLING CENTERS, INC., Doing Business as AMF BELLROSE LANES, Appellant. [796 NYS2d 687]—

In an action to recover damages for personal injuries, the defendant AMF Bowling Centers, Inc., doing business as AMF Bellrose Lanes, appeals from an order of the Supreme Court, Queens County (Golia, J.), dated August 26, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages for injuries she allegedly sustained after she slipped on a portion of wet carpeting in the defendant's bowling alley. The plaintiff testified at her deposition that she did not see, nor did she know, what caused her to fall.

The defendant established its prima facie entitlement to summary judgment dismissing the complaint. There was no evidence that the defendant had actual notice of the wet carpet. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural Hist.*, 67 NY2d 836, 837 [1986]). The evidence was consistent with a finding that a liquid was spilled on the floor just seconds before the plaintiff fell. Thus, any finding that the substance upon which the plaintiff fell had been on the floor for an appreciable period of time would be mere speculation (*see Pianforini v Kelties Bum Steer*, 258 AD2d 634 [1999]; *Rojas v Supermarkets Gen. Corp.*, 238 AD2d 393 [1997]; *Batiancela v Staten Is. Mall*, 189 AD2d 743 [1993]). Furthermore, although a report of the plaintiff's expert stated that the carpeted platform was improperly sloped, the plaintiff testified at her deposition that something wet caused her to slip (*see Koller v Leone*, 299 AD2d 396 [2002]).

The plaintiff failed to present evidence sufficient to raise a triable issue of fact. A general awareness that patrons might spill their drinks in the carpeted area is insufficient to constitute notice of the particular condition that caused the plaintiff's fall (*see Gloria v MGM Emerald Enters.*, 298 AD2d 355 [2002]; *Bernard v Waldbaum, Inc.*, 232 AD2d 596 [1996]; *Paolucci v First Natl. Supermarket Co.*, 178 AD2d 636 [1991]). In addition, the plaintiff's testimony that she complained to an employee on one previous occasion was insufficient to establish notice of a recurring condition (*see Andujar v Benenson Inv. Co.*, 299 AD2d 503, 504 [2002]).

The plaintiff's amended deposition testimony submitted in opposition to the motion failed to raise a triable issue of fact as to her contention that the sloped floor contributed to her fall (*see Prunty v Keltie's Bum Steer*, 163 AD2d 595 [1990]). In any event, the affidavit and underlying report of the plaintiff's expert failed to raise a triable issue of fact as to whether the slope of the floor presented a dangerous condition (*see Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]). Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.