■ DANIEL L. FRIEDENREICH et al., Respondents, v ROOSEVELT FIELD MALL MANAGEMENT et al., Appellants. [795 NYS2d 454]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 7, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In a slip-and-fall case, a plaintiff must establish that the defendant either created the defective condition, or had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Rocco v St. Mat-*

*thew's R.C. Church,* 265 AD2d 472, 473 [1999]; *Kraemer v K-Mart Corp.,* 226 AD2d 590 [1996]; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281 [1994]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the alleged wet and slippery condition that caused the fall. In opposition, the plaintiffs claimed that the defendants created the alleged hazardous condition. However, the plaintiffs' claim that the defendants' cleaning activities created the subject condition was unsubstantiated, speculative, and insufficient to defeat summary judgment (*see Sanchez-Acevedo v Mariott Health Care Serv.,* 270 AD2d 244 [2000]). Therefore, there being no triable issue of fact, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contention is without merit. H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.