■ ROSALIE BRITTO, Respondent, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Appellants. [799 NYS2d 828]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated March 8, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Friedenreich v Roosevelt Field Mall Mgt.,* 18 AD3d 808 [2005]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409, 410 [2004]; *Stumacher v Waldbaum,*

*Inc.,* 274 AD2d 572 [2000]; *Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437 [1998]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Joachim v 1824 Church Ave., supra*). "To constitute constructive notice, a defect must . . . exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Crawford v AMF Bowling Ctrs., Inc.,* 18 AD3d 798 [2005]).

Here, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. The defendants failed to satisfy their initial burden. The defendants offered no evidence to establish when the area in question was last inspected or cleaned on the day of the plaintiff's accident (*see Joachim v 1824 Church Ave., supra*; *Jacques v Richal Enters.,* 300 AD2d 45, 46 [2002]; *Van Steenburg v Great Atl. & Pac. Tea Co.,* 235 AD2d 1001 [1997]; *cf. Collins v Mayfair Super Mkts., Inc.,* 13 AD3d 330 [2004]; *McClarren v Price Chopper Supermarkets,* 226 AD2d 982 [1996]; *Maiorano v Price Chopper Operating Co.,* 221 AD2d 698 [1995]). Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.