■ GERARD MARINO et al., Appellants, v STOP & SHOP SUPER-MARKET COMPANY et al., Respondents. [800 NYS2d 591]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated May 18, 2004, as granted that branch of the motion of the defendant Kart Kare, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and as granted those branches of the separate motion of the defendants Stop & Shop Supermarket Company and Stop & Shop Companies, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Kart Kare, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the defendant Kart Kare, Inc., and one bill of costs to the defendants Stop & Shop Supermarket Company and Stop & Shop Companies, Inc., payable by the plaintiffs, and the complaint is reinstated against the defendant Kart Kare, Inc.

On November 29, 2001, the plaintiff Gerard Marino (hereinafter the plaintiff) allegedly slipped and fell on water on the

floor of a supermarket owned by the defendants Stop & Shop Supermarket Company and Stop & Shop Companies, Inc. (hereinafter Stop & Shop). Before the accident, the defendant Kart Kare, Inc. (hereinafter Kart Kare), pressure-washed certain bakery racks and shopping carts. At his deposition, the manager of the supermarket testified that after the plaintiff's accident, he observed "wet" bakery racks inside the store.

After the plaintiffs commenced the instant action, Kart Kare and Stop & Shop separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted those branches of the separate motions.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Friedenreich v Roosevelt Field Mall Mgt.*, 18 AD3d 808 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). Here, Kart Kare failed to satisfy its initial burden. A question of fact exists as to whether Kart Kare created the condition upon which the plaintiff allegedly fell. Thus, the Supreme Court should have denied that branch of Kart Kare's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

However, with regard to Stop & Shop's separate motion for summary judgment, Stop & Shop made a prima facie showing that it neither created nor had actual or constructive notice of the allegedly dangerous condition (*see Crawford v AMF Bowling Ctrs., Inc.*, 18 AD3d 798 [2005]; *Raanan v Fifth Ave. of Long Is. Realty Assoc.*, 17 AD3d 437 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Stumacher v Waldbaum, Inc., supra*). Accordingly, the Supreme Court properly granted summary judgment to Stop & Shop. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.