■ MARIA VALDEZ, Respondent, v ARAMARK SERVICES, INC., et al., Appellants. [804 NYS2d 811]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated February 18, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). Only after the moving defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Fox v Kamal Corp.*, 271 AD2d 485 [2000]). This burden cannot be satisfied by merely pointing out gaps in the plaintiff's case (*see Nationwide Prop. Cas. v Nestor*, 6 AD3d 409 [2004]; *Dalton v Educational Testing Serv.*, 294 AD2d 462 [2002]).

Here, the Supreme Court properly denied the defendants' motion for summary judgment. The defendants failed to submit evidence sufficient to satisfy their initial burden, and a triable issue of fact exists as to whether they had constructive notice of the alleged hazardous condition on the floor which caused the plaintiff to fall (*see Britto v Great Atl. & Pac. Tea Co., Inc., supra; Joachim v 1824 Church Ave., Inc., supra*). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.