■ KATHERINE ROETHGEN, Respondent, v AMF BABYLON LANES et al., Appellants. [816 NYS2d 568]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 5, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On a summary judgment motion, the defendant in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of the condition for a sufficient length of time to discover and remedy it (see Marino v Stop & Shop Supermarket Co., 21 AD3d 531 [2005]; Britto v Great Atl. & Pac. Tea Co., Inc., 21 AD3d 436 [2005]; Joachim v 1824 Church Ave., Inc., 12 AD3d 409 [2004]). "Only after the moving defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition" (Joachim v 1824 Church Ave., Inc., supra at 410).

Here, the defendants, the owners and operators of a bowling alley, presented sufficient evidence to sustain their initial burden (see Overton v Leisure Time Recreation, 280 AD2d 655 [2001]). However, in opposition, the plaintiff raised a triable issue of fact as to whether the defendants' employees caused the approach area to be slippery by negligently operating an oiling machine used to oil the lanes (see Kappes v Cohoes Bowling Arena, 2 AD3d 1034 [2003]; Overton v Leisure Time Recreation, supra). Moreover, the plaintiff also raised a triable issue of fact as to whether the defendants had notice of the slippery condition in the approach area (cf. Rocco v St. Matthew's R.C. Church, 265 AD2d 472 [1999]). Accordingly, the Supreme Court properly denied the motion.

The defendants' remaining contentions are without merit (see Kappes v Cohoes Bowling Arena, supra). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.