█ OWEN FLYNN et al., Appellants, v FEDCAP REHABILITATION SERVICES, INC., Respondent, et al., Defendant. [819 NYS2d 290]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated May 23, 2005, as granted that branch of the motion of the defendant Fedcap Rehabilitation Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the de-

fendant Fedcap Rehabilitation Services, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied, and the complaint is reinstated.

"A party moving for summary judgment must first make out a prima facie case showing its entitlement to summary judgment. Absent such a showing, the motion must be denied irrespective of the sufficiency of the opposing papers . . . If its own papers are insufficient, a party cannot establish entitlement to summary judgment merely by pointing to gaps in the opponent's proof" (*McArthur v Muhammad,* 27 AD3d 532 [2006] [citations omitted]). "A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Valdez v Aramark Servs., Inc.,* 23 AD3d 639 [2005]; *see also Bachrach v Waldbaum, Inc.,* 261 AD2d 426 [1999]).

The defendant Fedcap Rehabilitation Services, Inc., failed to submit evidence showing that it did not have actual notice of the dangerous condition, or that the condition did not exist for a sufficient length of time for it to have been discovered and remedied. Therefore, it did not meet its threshold burden on the motion (*see Pearson v Parkside Ltd. Liab. Co.,* 27 AD3d 539 [2006]), and that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied without regard to the sufficiency of the plaintiffs' opposition. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.