■ YAAKOV GERBI et al., Appellants, v TRI-MAC ENTERPRISES OF STONY BROOK, INC., Respondent. [826 NYS2d 101]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated December 7, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The injured plaintiff slipped and fell on soap on the bathroom floor of the defendant's store. The defendant's assistant manager testified at a deposition as to the store's general inspection/cleanup policy. However, he did not recall whether this policy was followed on the day of the accident and no evidence was submitted as to what the condition of the bathroom floor was within a reasonable time before the accident.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Valdez v Aramark Servs., Inc.,* 23 AD3d 639 [2005]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]).

The defendant failed to meet its initial burden as the movant and the Supreme Court should not have granted its motion for summary judgment. The defendant failed to submit evidence sufficient to demonstrate when the area in question was last inspected or cleaned before the injured plaintiff's accident (*see Valdez v Aramark Servs., supra; Britto v Great Atl. & Pac. Tea*

*Co., supra; Joachim v 1824 Church Ave., supra).* Since the defendant failed to meet its threshold burden as the movant, it is unnecessary to review the sufficiency of the plaintiffs' opposition papers *(see Britto v Great Atl. & Pac. Tea Co., supra; Joachim v 1824 Church Ave., supra).* Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.