■ VIRGINIA A. SAMPINO et al., Appellants, v CRESCENT ASSOCIATES, LLC, et al., Respondents. [825 NYS2d 135]—

Virginia A. Sampino et al., appellants, v Crescent Associates, LLC, et al., respondents.

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated February 3, 2005, as granted that branch of the motion of the defendant Crescent Associates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the cross motion of the defendant Eastern Meat Farms, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from so much of an order of the same court dated November 2, 2005, as (a) denied that branch of their motion which was for leave to renew, and (b) upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 3, 2005 is dismissed, as that order was superseded by the order dated November 2, 2005 made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated November 2, 2005 as denied leave to renew is dismissed as academic; and it is further,

Ordered that the order dated November 2, 2005 is reversed insofar as reviewed, and, upon reargument, those branches of the motion and the cross motion which were for summary judgment dismissing the complaint are denied, and so much of the order dated February 3, 2005 as granted those branches of the motion and cross motion which were for summary judgment dismissing the complaint is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The injured plaintiff allegedly tripped and fell over a crack in the sidewalk abutting premises owned by the defendant Crescent Associates, LLC (hereinafter Crescent), and leased by the defendant Eastern Meat Farms, Inc. (hereinafter Eastern Meat). Each defendant alleged that the other was responsible for maintaining the sidewalk.

In granting those branches of Crescent's motion and Eastern Meat's cross motion which were for summary judgment dismissing the complaint, the Supreme Court determined that the plaintiffs failed to show that the alleged hazardous condition in

the sidewalk caused the fall. The court also found that the defendants established their entitlement to judgment as a matter of law, and that the plaintiffs failed to raise a triable issue of fact as to whether the defendants created the alleged hazardous condition in the sidewalk or had actual notice of the alleged hazardous condition in the sidewalk. The court also found that the photographs of the alleged defect submitted by the plaintiffs in opposition to the motion and the cross motion could not be used to establish constructive notice because, inter alia, the plaintiffs failed to submit any evidence as to when they were taken.

The plaintiffs subsequently moved for leave to renew and reargue, asserting, among other things, that neither defendant had objected to the "accuracy and timeframe" of the photographs. The plaintiffs submitted their counsel's affidavit to show that the photographs were taken within one month of the accident. The Supreme Court denied that branch of the plaintiffs' motion which was for leave to renew, granted that branch of the plaintiffs' motion which was for leave to reargue, and upon reargument, adhered to its original determination.

Upon reargument, the Supreme Court should have denied those branches of Crescent's motion and Eastern Meat's cross motion which were for summary judgment dismissing the complaint. Viewing the evidence in the light most favorable to the plaintiffs and according the plaintiffs the benefit of every favorable inference, the defendants failed to show, prima facie, that the alleged defect in the sidewalk did not cause the injured plaintiff to fall (*see Boyd v Rome Realty Leasing Ltd. Partnership,* 21 AD3d 920 [2005]; *cf. Rodriguez v Cafaro,* 17 AD3d 658 [2005]). The defendants also failed to meet their initial burden of establishing, prima facie, that they did not have notice of the alleged defect (*see Pearson v Parkside Ltd. Liab. Co.,* 27 AD3d 539 [2006]; *Amidon v Yankee Trails, Inc.,* 17 AD3d 835 [2005]; *Strange v Colgate Design Corp.,* 6 AD3d 422 [2004]). The injured plaintiff testified at her deposition that the crack in the sidewalk which caused her to fall was at least one inch deep and three feet long, running the entire length of the front of the store. Neither the witness from Crescent nor the witness from Eastern Meat could recall whether such a crack was present in the sidewalk before the incident. Despite having made frequent visits to the site, neither witness asserted that the site was free of cracks. Moreover, there is proof in the record of regular occurrences of cracks in the vicinity of the accident, a circumstance known to both the landlord and tenant.

Contrary to the plaintiffs' contention, the mere fact that

Eastern Meat used the sidewalk for deliveries did not constitute special use (see *Jordan v City of New York,* 23 AD3d 436, 437 [2005]; *Tyree v Seneca Ctr.-Home Attendant Program,* 260 AD2d 297 [1999]). With respect to the issue of control and maintenance, a triable issue of fact exists as to whether Crescent retained sufficient control over the sidewalk abutting Eastern Meat's store and as to who bore the responsibility for repairing the alleged defect in the sidewalk (see *Lupo v Montauk Props., LLC,* 20 AD3d 398 [2005]).

The plaintiffs' contention that the Supreme Court erred in denying that branch of their motion which was for leave to renew has been rendered academic in light of our determination. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.