■ CHRISTINE RIVERA et al., Appellants, v YMCA OF GREATER NEW YORK, Respondent. [829 NYS2d 656]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), entered May 9, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and is in favor of the defendant and against them dismissing the complaint.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The infant plaintiff allegedly slipped and fell on a puddle of apple juice on the gymnasium floor of the defendant's premises and injured her ankle. The infant plaintiff testified at a deposition as to the size of the puddle, which was characterized by her attorney as being about the size of two legal pads. There was an apple juice box one or two feet away from the puddle, and the liquid on the floor was identical in color to the liquid on the box. She saw the box about two hours before the accident, but she only saw the liquid seconds before the accident. The infant plaintiff was a member of the defendant's summer camp program, which provided breakfast, lunch, and snack. The infant plaintiff alleged that campers ate breakfast and snack in the gymnasium, and that the defendant was not in the habit of cleaning the gym after each meal.

On the day of the accident, the campers ate snacks on the floor, as was their custom. They played a game of tag. The accident occurred about two hours into the game of tag. Before she fell and injured herself, the infant plaintiff fell a couple of times, without sustaining an injury, over liquid on another part

of the gymnasium floor. The infant plaintiff stated that defendant did not clean the gymnasium until the end of the day, and that there was "a big mess" in the gymnasium.

One of the camp supervisors stated that assistant counselors, who were teenagers, made sure that the gymnasium was clean after each meal. The janitors cleaned the gymnasium at the end of the day. The supervisor also stated that children were not allowed to play tag while they waited for their parents to arrive, and that if children were playing tag, they would have been stopped.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Yioves v T.J. Maxx, Inc.,* 29 AD3d 572 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]). Only after the defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Joachim v 1824 Church Ave., Inc., supra*).

Viewing the evidence in the light most favorable to the plaintiffs, as the nonmoving parties (*see Ogletree v Rush Realty Assoc., LLC,* 29 AD3d 875 [2006]), the defendant failed to submit evidence sufficient to establish its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr., supra*). A triable issue of fact exists as to when the defendant last cleaned and inspected the premises and whether it had constructive notice of the alleged hazardous condition (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Yioves v T.J. Maxx, Inc., supra*).

The appellants' remaining contention is raised for the first time on appeal, and is therefore not properly before this Court. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.