■ Jennifer Seabury, Appellants, v County of Dutchess et al., Defendants, and Dutchess County Agricultural Society, Inc., et al., Respondents. [832 NYS2d 269]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 25, 2005, as granted the motion of the defendant Dutchess County Agricultural Society, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the motion of the defendant Century Decorations, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting the motion of Dutchess County Agricultural Society, Inc., for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Yioves v T.J. Maxx, Inc.*, 29 AD3d 572 [2006]; *see Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Britto v Great Atl. & Pac. Tea Co., Inc., supra; Joachim v 1824 Church Ave., Inc., supra*).

The defendant Dutchess County Agricultural Society, Inc. (hereinafter Dutchess), failed to make a prima facie demonstration that it had no actual or constructive notice of the condition (*see Jean-Pierre v Touro Coll.*, 23 AD3d 524 [2005]). Accordingly, the Supreme Court should have denied the defendant Dutchess's motion for summary judgment dismissing the complaint insofar as asserted against it.

The defendant Century Decorations, Inc. (hereinafter Century), established, as a matter of law, that it neither created nor had actual or constructive notice of any dangerous condition that allegedly caused the plaintiff's injuries (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]). The plaintiffs' vague and conclusory deposition testimony failed to raise a triable issue of fact as to whether the stairs were defectively constructed (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against Century. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.