■ MARIA SOTO-LOPEZ, Appellant, v BOARD OF MANAGERS OF CRESCENT TOWER CONDOMINIUM et al., Respondents. [843 NYS2d 444]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 1, 2006, as amended by an order of the same court dated June 29, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order dated June 1, 2006, as amended by the order dated June 29, 2006, is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on a greasy substance on the surface of a staircase in the common area of a condominium which was strewn with debris. The plaintiff commenced the instant action against the owner of the common area and the managing agent of the condominium. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Seabury v County of Dutchess, 38 AD3d 752 [2007]; Britto v Great Atl. & Pac. Tea Co., Inc., 21 AD3d 436 [2005]). Only after the defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Joachim v 1824 Church Ave., Inc., 12 AD3d 409 [2004]).

The defendants failed to submit evidence sufficient to make a prima facie showing of entitlement to judgment as a matter of law. Thus, the Supreme Court should have denied their motion. The defendants offered no evidence to establish when the area in question was last inspected or cleaned on the day of the accident, and their submissions reveal the existence of a triable issue of fact as to whether they had constructive notice of the alleged greasy substance which caused the plaintiff to fall (*see Ames v Waldbaum, Inc.,* 34 AD3d 607 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.