■ DENNIS ZACH, Respondent, v 482 OPERATING CORP. et al., Appellants, et al., Defendant. (And a Third-Party Action.) [858 NYS2d 268]—

In an action to recover damages for personal injuries, the defendants 482 Operating Corp. and Dikeman St. Realty Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 15, 2007, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Dikeman St. Realty Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Dikeman St. Realty Corp. is granted.

The plaintiff allegedly was injured when he fell to the floor from one of the steps of a spiral staircase that led to the attic in which he resided. The appellants established that the owner of the subject premises, the defendant Dikeman St. Realty Corp. (hereinafter Dikeman), was entitled to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating, through the deposition testimony of its president, Humberto Lopes, that it "neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 572 [2006]; *see Seabury v County of Dutchess*, 38 AD3d 752, 753 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although the deposition testimony of Lopes and that of the plaintiff were in agreement that Lopes and the plaintiff met on one occasion at the premises in the vicinity of the spiral staircase, that alone was not sufficient to raise a triable issue of fact as to whether Lopes, or anyone else on behalf of Dikeman, was aware of the allegedly dangerous condition of the staircase or had created that condition. Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.