■ AHKIMM ALEXANDER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [933 NYS2d 357]—

The plaintiff alleged that he was injured while exiting a building owned by the defendant New York City Housing Authority (hereinafter the defendant). While the plaintiff was exiting the building through a mechanized metal door, the door allegedly struck an adjacent wall and swung quickly back towards him, causing the exposed tip of a screw which had come loose from a metal frame on the door to strike him.

In a premises liability case, the defendant moving for summary judgment has the initial burden of establishing that it neither created the hazardous condition nor had actual or construc-

tive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]; *Gerbi v Tri-Mac Enters. of Stony Brook, Inc.*, 34 AD3d 732 [2006]). According to the affidavit of the defendant's building caretaker, she conducted a daily inspection of the rear exit door, and indicated what she would do if she detected any problem with regard to the door. This failed to demonstrate what the caretaker observed regarding the condition of the door prior to the plaintiff's accident. Thus, the defendant failed to meet its prima facie burden of showing that it lacked constructive notice of the condition which allegedly caused the plaintiff's injuries (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938, 940 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]; *Gerbi v Tri-Mac Enters. of Stony Brook, Inc.*, 34 AD3d 732 [2006]).

Since the defendant failed to meet its prima facie burden, the Supreme Court correctly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609 [2011]; *Gerbi v Tri-Mac Enters. of Stony Brook, Inc.*, 34 AD3d 732 [2006]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.