■ EFRAIN RIVERA et al., Respondents, v QUEENS BALLPARK COMPANY, LLC, et al., Appellants, et al., Defendants. [22 NYS3d 106]—

In an action to recover damages for personal injuries, etc., the defendants Queens Ballpark Company, LLC, and City of New York appeal from (1) an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated December 13, 2013, which denied, as untimely, their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court dated May 23, 2014, as denied that branch of their motion which was for leave to renew their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated May 23, 2014, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, the order dated December 13, 2013, is vacated, the motion of the defendants Queens Ballpark Company, LLC, and City of New York for leave to renew is granted, and, upon renewal, their motion for summary judgment dismissing the complaint insofar as asserted against them is denied on the merits; and it is further,

Ordered that the appeal from the order dated December 13, 2013, is dismissed as academic in light of our determination on the appeal from the order dated May 23, 2014; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Efrain Rivera was injured when he tripped on a concrete wheel stop within a parking lot. The wheel stop was located next to a pedestrian walkway. The plaintiffs commenced this action against, among others, the defendants Queens Ballpark Company, LLC, and City of New York (hereinafter together the defendants), and the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. Annexed to their motion was a copy of a stipula-

tion extending the parties' time to file a motion for summary judgment rather than the "so-ordered" version of it. Upon realizing their error, the defendants expeditiously provided the Supreme Court with the so-ordered copy of the stipulation, but the court nevertheless denied the motion as untimely. The defendants moved, inter alia, for leave to renew their motion for summary judgment, which the court also denied.

A motion for leave to renew pursuant to CPLR 2221 (e) may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion, but "the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (*Jacobson v Adler*, 119 AD3d 902, 902 [2014]; *see Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]; *Yebo v Cuadra*, 98 AD3d 504, 506 [2012]). "Law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion" (*Nwauwa v Mamos*, 53 AD3d 646, 649 [2008]; *see* CPLR 2005). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was for leave to renew their motion for summary judgment (*see Gordon v Boyd*, 96 AD3d 719, 720 [2012]). Moreover, in the interest of judicial economy, and under the circumstances of this case, in which the record is complete and the parties have addressed the merits of the defendants' motion for summary judgment dismissing the complaint, we deem it appropriate to address the merits of that motion rather than to remit the matter to the Supreme Court, Queens County, to do so (*see Krause v Lobacz*, 131 AD3d 1128 [2015]; *Wernicki v Knipper*, 119 AD3d 775 [2014]).

Upon renewal, we deny the defendants' motion for summary judgment on the merits. A defendant moving for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]; *Curzio v Tancredi*, 8 AD3d 608 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]; *Fox v Kamal Corp.*, 271 AD2d 485 [2000]; *cf. Rojas v Supermarkets Gen. Corp.*, 238 AD2d 393 [1997]). Only after the moving defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d at 410; *Fox v Kamal Corp.*, 271 AD2d at 485).

Here, the defendants submitted the expert affidavit of a

forensic engineer who determined that "the parking lot was a safe walking surface and adequately illuminated at night," and that the wheel stop on which the injured plaintiff tripped "was an open and obvious condition" located "within a designated parking space" and not a pedestrian walkway. However, the photographs upon which the defendants' expert partially relies depict the wheel stop as extending directly in front of, and thus partially obstructing, a designated pedestrian walkway. Thus, the defendants failed to satisfy their initial burden of showing that they neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Joachim v 1824 Church Ave., Inc.*, 12 AD3d at 410; *Curzio v Tancredi*, 8 AD3d at 608; *Fox v Kamal Corp*, 271 AD2d at 485; *cf. LiPuma v J.P. Morgan Chase N.A.*, 119 AD3d 532 [2014]). Accordingly, the Supreme Court should have, upon renewal, denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiffs' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.