Fasano v St. Bernard Church (2019 NY Slip Op 00856)





Fasano v St. Bernard Church


2019 NY Slip Op 00856


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-09000
 (Index No. 503585/14)

[*1]Carol Fasano, respondent, 
v
St. Bernard Church, et al., appellants.


Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
Slater, Sgarlato & Cappello, P.C., Staten Island, NY (Thomas J. Cappello of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated August 3, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she alleges she sustained as she was leaving the defendants' premises in Brooklyn. According to the plaintiff, while she was descending two exterior steps, her left foot became caught in a gap between two pieces of what was variously described as granite, terrazzo, or cement at the top of the steps. The defendants moved for summary judgment dismissing the complaint, contending that there was no evidence that they created the alleged dangerous and defective condition or that they had actual or constructive notice of the condition. The Supreme Court denied the motion. The defendants appeal.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 566; Davis v Sutton, 136 AD3d 731, 732-733; Valdez v Aramark Servs., Inc., 23 AD3d 639). Here, the defendants failed to establish, prima facie, that they did not have constructive notice of the gap at the top of the steps that allegedly caused the plaintiff to fall (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Sampino v Crescent Assoc., LLC, 34 AD3d 779, 781; Valdez v Aramark Servs., Inc., 23 AD3d at 639). While testifying at her deposition, the plaintiff identified photographs that demonstrated that the gap was at least one inch wide and at least one inch deep and three feet long, and ran the entire length of the steps. The defendants' witness, Monsignor Jamie Gigantiello, testified that he had been assigned and came to the defendant St. Bernard Church in January 2013. Gigantiello testified that upon his arrival, he found that the church building and rectory needed work, and his focus was on renovating those buildings. He further testified that, despite being on the site daily and making regular observations and inspections as he traversed the area, he did not notice the [*2]gap before the plaintiff's accident, but noticed it every time he traversed the area thereafter. He also identified the same photographs of the gap that were identified by the plaintiff, and agreed that they accurately depicted the condition that he observed following the accident. Thus, we agree with the Supreme Court's determination that the defendants failed to establish, prima facie, that the subject steps were not in a defective condition and that the defendants did not have constructive notice, as a reasonable inspection would have revealed the defective condition (see Catalano v Tanner, 23 NY3d 976, 977; Davis v Sutton, 136 AD3d 731, 733; Kyte v Mid Hudson Wendico, Inc., 131 AD3d 452, 453; Dufrain v Hutchings, 112 AD3d 1212, 1212-1213; Sampino v Crescent Assoc., LLC, 34 AD3d 779, 781).
Under the circumstances, it is not necessary to reach the merits of the parties' contentions as to whether the area was adequately illuminated.
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court