Magaly Carbajal, Appellant,
against
St. Jude School and St. Jude's Cultural & Learning Center, Inc., Respondents, and Myticketpremium, LLC, Los Traficante.com Entertainment Corp., Vive Marketing Corporation, Sandy Production, and Raul Gil, Defendants.




Mitchell Dranow of counsel, for appellant.
Bleakley, Platt & Schmidt, LLP (Peter F. Harrington of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered July 18, 2017. The order granted a motion by defendants St. Jude School and St. Jude's Cultural & Learning Center, Inc. for summary judgment dismissing so much of the complaint as was asserted against them.




ORDERED that the order is reversed, without costs, and the motion by defendants St. Jude School and St. Jude's Cultural & Learning Center, Inc. for summary judgment dismissing so much of the complaint as was asserted against them is denied.
Plaintiff commenced this action in the Supreme Court, Queens County, to recover for personal injuries she had allegedly sustained when she slipped and fell while attending an event held on the evening of November 27, 2011 at the gymnasium of defendant St. Jude School (School). Only defendants School and St. Jude's Cultural & Learning Center, Inc. (Center) (collectively, defendants) appeared and answered. Following discovery, the matter was transferred to the Civil Court, Queens County, pursuant to CPLR 325 (d). 
Defendants thereafter moved jointly for summary judgment dismissing the complaint insofar as asserted against them on the ground that plaintiff could not establish that defendants had had either actual or constructive notice of the alleged dangerous condition on the premises. Their motion was supported by, among other things, a transcript of plaintiff's deposition testimony and the affidavit of Father Felix Reyes, who was then the pastor of the Church of St. Jude (Church). Plaintiff submitted an affidavit in opposition to defendant's motion. By order entered July 18, 2017, the Civil Court granted defendants' motion, upon a finding that, by reason of plaintiff's inability to establish any connection "between the existing St. Jude Church and the accident of November 27, 2011, including any knowledge by St. Jude of the event itself," defendants had demonstrated a lack of either actual or constructive notice of the condition that had caused plaintiff to slip and fall.
At the outset, we note that since the Church is not a defendant in this action, there was no basis for dismissing the action based on plaintiff's inability to establish a nexus between the Church and plaintiff's accident.
"A defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Gadzhiyeva v Smith, 116 AD3d 1001, 1001 [2014]). "Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition" (Britto v Great Atl. & Pac. Tea Co., Inc., 21 AD3d 436, 437 [2005]). In his affidavit, Father Reyes confirmed that the School had, at one time, been affiliated with the Church, and, by stating that the School had closed in June 2013, he in effect acknowledged that the School had been operational during the time when plaintiff's accident had occurred. He also confirmed that the Center had been formed in 1997. Although Father Reyes denied that the Center had ever conducted any activities at the Church or the School, he failed to state the basis for such denial. Father Reyes did not state that he had been the pastor of the Church at the time of the accident; nor did he demonstrate that he had any personal knowledge concerning the incident in issue, the operation of the premises at the time thereof, or the extent of defendants' control over the premises at that time (see Butler v Germantown Cent. Sch. Dist. Parent-Teacher Student Assn., 101 AD3d 1415 [2012]). He failed to submit any records to the court pertaining either to the event at which plaintiff had fallen or the issue of defendants' liability. Since Father Reyes's affidavit failed to demonstrate the absence of any material issues of fact with respect to defendants' responsibility for the premises in which the accident had occurred, or with respect to defendants' actual or constructive notice of a dangerous condition at the premises at the time of the accident, it was inadequate to establish, prima facie, defendants' entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). 
Defendants also rely on plaintiff's deposition testimony for their claim of entitlement to summary judgment, asserting that, since plaintiff claimed to have fallen on a liquid on the floor and had not been aware of the liquid until she fell, her cause of action against defendants is impermissibly premised on speculation (see Davis v Rochdale Vil., Inc., 63 AD3d 870, 871 [*2][2009]; Crawford v AMF Bowling Ctrs., Inc., 18 AD3d 798, 799 [2005]). However, in plaintiff's deposition testimony, as amplified in her affidavit submitted in opposition to defendants' motion (see Kurtz v Supercuts, Inc., 127 AD3d 546, 546 [2015]; Pagan v Metropolitan Transp. Auth., 105 AD3d 611 [2013]), plaintiff stated that a sloppily maintained bar serving drinks had been set up within approximately a foot of a line for the women's restroom; that she had slipped on liquid while she was waiting on the line to enter the women's restroom; that before and after she fell she had noticed cups lying on the floor; and that, after she fell, her dress had been soaked with a liquid which smelled of alcohol. Viewing the evidence in the light most favorable to plaintiff (see Pickles v Hyde Park Cent. Sch. Dist., 164 AD3d 701, 701 [2018]), genuine issues of fact, beyond mere speculation, are presented as to the cause of plaintiff's fall. Plaintiff's inability to identify the precise substance upon which she alleges she slipped cannot be equated with a failure to identify the cause of her fall (see Stancarone v Sullivan, 167 AD3d 676, 678 [2018]). We note that defendants also failed in their moving papers to eliminate a material issue of fact as to whether they were responsible for the creation of a dangerous condition, which would render the issue of notice irrelevant (see Creagh v Trata Estiatorio, 31 Misc 3d 1212[A], 2011 NY Slip Op 50653[U] [Sup Ct, NY County 2011]; see also Cook v Rezende, 32 NY2d 596, 599 [1973]). 
To the extent that defendants alluded in their motion papers to plaintiff's alleged intoxication and her attire, we note that such alleged factors may be considered in assessing plaintiff's comparative negligence, if any, but have no bearing on the determination of defendants' motion for summary judgment.
Accordingly, the order is reversed and defendants' motion is denied.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019