▮ Victoria Feldmus, Appellant, v Ryan Food Corp., Respondent, et al., Defendant. [818 NYS2d 98]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 3, 2005, which granted that branch of the motion of the defendant Ryan Food Corp. which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ryan Food Corp. is denied, and the complaint is reinstated insofar as asserted against that defendant.

The plaintiff claims that the defendant Ryan Food Corp. (hereinafter the defendant) created a tripping hazard which caused her to fall in the defendant's supermarket. In her examination before trial, she testified that she fell over "a big loaf of bread in a plastic bag." She claims that the plastic bags were left on the floor by a store employee who was restocking a bread shelf.

The defendant failed to establish its entitlement to judgment as a matter of law. In support of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, the defendant submitted the deposition testimony of a nonparty witness who stated that shortly prior to the plaintiff's fall he observed a store employee restocking a bread stand in the area where the plaintiff fell and subsequent to the plaintiff's fall he observed empty plastic bags in the area where the plaintiff fell. The defendant also submitted the deposition testimony of the defendant's store manager that, after conferring with the office manager, he ascertained that the plaintiff slipped on an empty plastic bag.

In its defense, the defendant asserted that its shelves were stocked by outside vendors, not store employees, without any supervision by anyone from the store. Hank Chung, who managed the store on the day of the accident, testified at his deposition that the vendors would "come in, pack out and go" without any checking by store employees. It cannot be said as a matter of law that this practice absolved the defendant of all responsibility for maintaining a safe premises.

In support of the motion, Hank Chung submitted an affidavit, which, in apparent contradiction to his deposition testimony, stated that "one of my job duties is to walk around the store to make sure that all merchandise is stocked in a safe manner . . . [t]his duty is performed continuously throughout the day [and] was performed through out the day" of the accident. In any event, this conclusory affidavit failed to state the frequency of the inspections nor did it indicate when prior to the accident the store was last inspected and therefore was insufficient to warrant granting the defendant summary judgment (*see Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Lorenzo v Plitt Theatres,* 267 AD2d 54 [1999]).

In any event, in opposition to the defendant's motion, the plaintiff submitted the deposition testimony of the defendant's office manager who testified that store employees, not outside vendors, stocked the shelves and no one routinely inspected the store for hazardous conditions. This testimony was sufficient to raise a triable issue of fact. Florio, J.P., Goldstein and Skelos, JJ., concur.

Santucci, J. (dissenting and voting to affirm the order): It is settled that "[a] defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition, nor had actual or constructive notice of the condition" (*Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409, 410 [2004]; *see Curzio v Tancredi,* 8 AD3d 608 [2004]; *Stumacher v Waldbaum, Inc.,* 274 AD2d 572 [2000]). Here the defendant Ryan Food Corp. (hereinafter the defendant) met its burden, and in response thereto the plaintiff failed to raise a triable issue of fact.

The plaintiff allegedly slipped and fell on a "big loaf of bread in a plastic bag" in the produce aisle of the defendant's store. Even assuming that the loaf of bread constituted a hazardous condition, there was no proof that the defendant created the condition. The speculation by the plaintiff and her boyfriend (the nonparty witness referred to in the majority opinion), that a store employee was responsible for leaving the bag of bread on the floor, was insufficient to raise a question of fact in this regard (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Leggio v Gearhart,* 294 AD2d 543 [2002]).

There was also no proof that the defendant had actual or constructive notice of such condition for a sufficient length of time to remedy it. The mere fact that one of the managers of the store may have ascertained, *after the accident took place,* that the plaintiff fell over bread wrapping neither proved nor raised a triable issue of fact that there was prior notice of such a condition (*see Strowman v Great Atl. & Pac. Tea Co.,* 252 AD2d 384 [1998]).

Finally, the defendant submitted evidence of a regular procedure by which the comanagers of the store inspected the premises periodically to ensure that merchandise was stocked in a safe manner (*cf. Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005], and cases cited therein, which stand for the proposition that a defendant's motion for summary judgment in a slip-and-fall case is properly denied where there is *no* evidence to establish when the defendants inspected the area in question).

Accordingly, under these circumstances, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).