■ SUSAN SCOTT et al., Appellants, v BEVERLY HILLS FURNITURE, Defendant and Third-Party Plaintiff-Respondent, et al.,

Defendant. SEASIDE CARTING Co., INC., Third-Party Defendant-Respondent. [817 NYS2d 381]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated January 3, 2005, as granted the cross motion of the defendant third-party plaintiff Beverly Hills Furniture for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated insofar as asserted against the defendant third-party plaintiff Beverly Hills Furniture.

On the morning of January 7, 1998 the plaintiff Susan Scott (hereinafter the injured plaintiff) slipped and fell on an unraveling ball of plastic and foam packaging as she was walking along Jamaica Avenue. The ball of plastic and foam packaging was approximately one yard in diameter, and was two feet in front of the entrance to the store owned by the respondent Beverly Hills Furniture (hereinafter Beverly Hills). After the plaintiffs commenced this action, inter alia, Beverly Hills cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the cross motion. We reverse.

"[T]o prove a prima facie case of negligence in a slip and fall case, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998] [internal quotation marks omitted]). Beverly Hills, as the moving party seeking summary judgment, was required to establish prima facie that it did not create or have actual or constructive notice of the condition (*see Goldman v Waldbaum, Inc., supra*). In support of its cross motion, Beverly Hills relied, inter alia, on the deposition testimony of both the injured plaintiff and Leran Ruben, the assistant manager of the store. The injured plaintiff testified that she fell approximately two feet from the entrance to the store, and that the material which caused her to fall bore the word "furniture" on it. She further testified that on at least one occasion prior to the occurrence, she observed similar-type debris at the subject location. Mr. Ruben testified that plastic and white foam were used to package furniture delivered to the store. The evidence upon which Beverly Hills relied failed to establish prima facie that it did not create the hazardous condition which caused the

accident. Under these circumstances, we need not consider whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Chaplin v Taylor*, 273 AD2d 188 [2000]). Florio, J.P., Adams, Santucci and Lunn, JJ., concur.