■ ISAAK BELOGOLOVKIN, Appellant, v 1100-1114 KINGS HIGHWAY LLC et al., Defendants, and DUANE READE, INC., Respondent. [825 NYS2d 543]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-

der of the Supreme Court, Kings County (Ruchelsman, J.), dated June 30, 2005, as granted the cross motion of the defendant Duane Reade, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion for summary judgment dismissing the complaint insofar as asserted against the defendant Duane Reade, Inc., is denied.

The plaintiff allegedly sustained personal injuries when he tripped over a shopping basket located on the floor of a store leased and operated by the defendant Duane Reade, Inc. (hereinafter Duane Reade). According to the plaintiff, prior to the accident, he observed Duane Reade employees moving and filling shopping baskets and placing these baskets on the floor. The plaintiff commenced the instant action to recover damages for personal injuries. Thereafter, the Supreme Court granted the cross motion of Duane Reade for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

In support of its cross motion, Duane Reade failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). A triable issue of fact exists as to whether Duane Reade employees created a dangerous condition by allegedly placing the subject shopping basket near the plaintiff (*see Palmer v Vitrano,* 29 AD3d 656, 657 [2006]; *Feldmus v Ryan Food Corp.,* 29 AD3d 940, 941 [2006]; *cf. Rosa v Food Dynasty,* 307 AD2d 1031 [2003]; *Sewer v Fat Albert's Warehouse,* 235 AD2d 414 [1997]). Accordingly, the Supreme Court should have denied Duane Reade's cross motion for summary judgment dismissing the complaint insofar as asserted against it. Goldstein, J.P., Rivera, Spolzino and Skelos, JJ., concur.