OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs, and motions by the defendant and third-party plaintiff New York City Saks, LLC and by the defendant and third-party defendant M.E. Sabosik Associates for summary judgment granted.
Plaintiff initially instituted this action against New York City Saks, LLC to recover damages sustained when she slipped and fell on an employee staircase in the premises owned and maintained by Saks. Saks thereafter commenced third-party actions for indemnification against the contractor, J. Tucci Construction Co., and its subcontractor, M.E. Sabosik Associates, which had performed repairs to the staircase approximately three months prior to plaintiff’s fall. Subsequently, plaintiff amended her complaint to include Tucci and Sabosik as defendants. Tucci and Sabosik cross-claimed against Saks. Thereafter, Saks moved, inter alia, for summary judgment dismissing the complaint, and Sabosik moved for summary judgment dismissing the complaint and all claims as against it. The court’s denial of said relief is the subject of this appeal.
In a slip and fall case, the plaintiff must establish that the defendant created the condition that caused the accident or that the defendant had actual or constructive notice of the condition (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Roussos v Ciccotto, 15 AD3d 641 [2005]; Mullin v 100 Church LLC, 12 AD3d 263 [2004]). Where, as here, a defendant moves for summary judgment, it is required to establish, as a matter of law, that it did not cause the condition or have *73 actual or constructive notice thereof (Scott v Beverly Hills Furniture, 30 AD3d 577 [2006]; West v DeJesus, 306 AD2d 402 [2003] ; see also Goldman v Waldbaum, Inc., 248 AD2d 436 [1998]). Only after the defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiffs opposition (see Joachim v 1824 Church Ave., Inc., 12 AD3d 409 [2004] ; Colt v Great Atl. & Pac. Tea Co., 209 AD2d 294 [1994]; see also Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).
Here, defendants’ submissions, which included plaintiffs own deposition testimony, were sufficient to establish defendants’ entitlement to judgment as a matter of law. Through their affidavits and the exhibits attached thereto, Saks and Sabosik established that the stairs were repaired by Tucci and its subcontractor Sabosik. The repairs were completed approximately three months prior to the accident and Saks never received any complaint regarding the stairs’ condition. Although there is no proof of any “inspection” during the intervening period, no such proof was required where defendant Saks submitted plaintiffs’ own deposition testimony, in which she acknowledged that she used the stairs on a daily basis prior to her fall and had not observed any defect in them. On this record, we conclude that defendants satisfied their burden of showing, prima facie, that they did not cause the condition, that the repairs were not defective and that defendant Saks had no actual or constructive notice of the defect.
Moreover, it cannot be said that plaintiff raised a triable issue of fact as to whether Saks had constructive notice of the condition. To constitute constructive notice, the defect must be “visible and apparent,” and it must have existed for a “sufficient length of time prior to the accident” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Evidence of wear and tear is usually sufficient to establish that the hazardous condition existed over a period of time (id.). Here, however, the record contains no proof.as to how long the defect existed and nothing in the nature of the defect suggests that it existed for any length of time. Plaintiff never described the defect as worn and to conclude otherwise based on the type of defect — a broken step exposing a bent, semicircular piece of metal strip — is speculative.
Accordingly, the order should be reversed and summary judgment granted in favor of the moving defendants.