■ MARGARET NALETILIC, Appellant, v DAN's KEY FOOD, Respondent. [850 NYS2d 579]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated December 21, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly slipped and fell on a piece of plastic wrapping on the floor of an aisle in the defendant's supermarket. She testified at her deposition that when she entered the aisle while grocery shopping, she observed that it was neat and

clean. Moreover, an employee of the defendant was present in the aisle, stocking some shelves with jars of jelly. Soon thereafter, the plaintiff realized that she had forgotten one of the items she needed, and she turned and walked back up the aisle. After traveling a short distance, she allegedly slipped and fell on the piece of plastic, which she had not noticed earlier. The employee working nearby helped her up, and she then observed that he had been removing the jars of jelly from plastic-wrapped cases which had been placed on the aisle floor. The plastic which she slipped on appeared to be the same as the plastic wrapping on the cases.

The defendant produced its assistant manager for a deposition. He had no personal knowledge regarding the accident, but confirmed that some cases of merchandise are wrapped in plastic. He further stated that stock persons are not provided with any receptacles in which to place the plastic wrapping while they are performing their work.

Under these circumstances, the Supreme Court erred in granting the defendant's motion for summary judgment, since the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law. Issues of fact remain as to whether the defendant created the dangerous condition (see *Belogolovkin v 1100-1114 Kings Highway LLC,* 35 AD3d 514 [2006]; *Scott v Beverly Hills Furniture,* 30 AD3d 577 [2006]; *Feldmus v Ryan Food Corp.,* 29 AD3d 940 [2006]; *Marino v Stop & Shop Supermarket Co.,* 21 AD3d 531 [2005]). In this regard, the defendant's reliance upon purported evidence of the procedures it follows to keep the aisles free of hazards is unavailing, since the single vague statement by the assistant manager that he generally "discussed with [his] employees how to perform their duties . . . and keeping the aisle clear of debris" was inadequate to establish the nature and sufficiency of any procedures utilized. Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.