■ Glenn Farrell et al., Respondents, v Waldbaum's, Inc., et al., Appellants. [900 NYS2d 453]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Sampson, J.), entered August 20, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Glenn Farrell (hereinafter the injured plaintiff), allegedly was injured when he slipped and fell on grapes that were scattered on the floor of the produce aisle at a Waldbaum's supermarket in Bayside, Queens. Prior to his accident, the injured plaintiff observed two produce clerks stacking grapes onto a display in the area where he fell. The injured plaintiff and his wife, suing derivatively, commenced this action against Waldbaum's, Inc., and its parent company, Great Atlantic and Pacific Tea Co. The defendants moved for summary judgment dismissing the complaint on the ground that they neither created the alleged dangerous condition nor had actual or constructive notice of it. The Supreme Court denied the motion. We affirm.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint, since the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering evidence sufficient to establish that their employees did not create the alleged dangerous condition (*see Naletilic v Dan's Key Food*, 47 AD3d 903, 904 [2008]; *Belogolovkin v 1100-1114 Kings Highway LLC*, 35 AD3d 514, 515 [2006]). A triable issue of fact exists in this regard (*see Belogolovkin v 1100-1114 Kings Highway LLC*, 35 AD3d at 515; *Marino v Stop & Shop Supermarket Co.*, 21 AD3d 531, 532 [2005]).

Furthermore, a triable issue of fact exists as to whether the defendants had constructive notice of the alleged dangerous condition, as they failed to establish the absence of such notice as a matter of law (*see Librandi v Stop & Shop Food Stores, Inc.*, 7 AD3d 679, 679-680 [2004]). While the defendants' store and produce managers testified at their depositions to general cleaning and inspection procedures, the defendants failed to proffer any evidence regarding when the area in question was last cleaned or inspected relative to the time when the injured plaintiff fell (*see Holub v Pathmark Stores, Inc.*, 66 AD3d 741, 742 [2009]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *Feldmus v Ryan Food Corp.*, 29 AD3d 940, 941 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436, 437 [2005]).

The defendants' remaining contentions are without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.