■ Anita Confessore et al., Appellants, v Rossi Pharmacy, Inc., et al., Respondents. [989 NYS2d 116]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered November 26, 2012, as granted those branches of the separate motions of the defendant Rossi Pharmacy, Inc., and the defendant John Rossi, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) from a judgment of the same court entered February 25, 2013, which, upon the order, is in favor of those defendants and against her, dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal

from the judgment entered February 25, 2013 (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, those branches of the respondents' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them are denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The injured plaintiff alleged that, on July 2, 2010, she tripped and fell while walking over a sidewalk cellar door adjacent to premises that were owned by the defendant John Rossi and occupied by the defendant Rossi Pharmacy, Inc. (hereinafter together the respondents).

Contrary to the respondents' contention, the injured plaintiff did not fail to specifically identify the cause of her fall (see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903 [2012]; Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d 920, 921 [2005]). In any event, the evidence submitted by the respondents themselves demonstrated the existence of triable issues of fact as to the existence of the dangerous condition that allegedly caused the injured plaintiff's injuries (see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d at 904; Boyd v Rome Realty Leasing Ltd. Partnership, 21 AD3d 920 [2005]).

The respondents also failed to establish, prima facie, that they did not create the alleged dangerous condition or that they lacked actual or constructive notice of the condition (see Nagin v K.E.M. Enters., Inc., 111 AD3d 901, 903 [2013]; Amendola v City of New York, 89 AD3d 775, 776 [2011]; Collins v 5840 Merrick Rd. Realty Corp., 80 AD3d 551 [2011]).

The respondents' remaining contention is without merit.

Accordingly, the Supreme Court erred in granting those branches of the respondents' separate motions which were for summary judgment dismissing the complaint insofar asserted against each of them. Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.