ROBERTO RAMOS ORTIZ, Appellant, v ALL LOCK & GLASS SERVICE, INC., et al., Respondents. (And a Third-Party Action.) [996 NYS2d 94]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated December 21, 2012, as granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them are denied.

On January 15, 2009, the plaintiff allegedly was injured at his place of employment when he slipped and fell on a discarded truck windshield that was covered with snow. The windshield allegedly had been removed from a truck two days earlier, on January 13, 2009, and was left lying flat on the ground near a dumpster. The snow fell on January 14, 2009. The plaintiff commenced this action against the company that allegedly removed the windshield from the truck and left it on the ground, the defendant All Lock & Glass Service, Inc. (hereinafter All Lock), and the owner of the premises, the defendant 28-90 Review Avenue Associates, LLC (hereinafter 28-90 Review).

All Lock and 28-90 Review separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions, and the plaintiff appeals.

That branch of All Lock's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied, because the evidence All Lock submitted in support demonstrated the existence of triable issues as to whether All Lock owed a duty to the plaintiff, and, if so, whether it created the alleged dangerous condition when it performed work on the premises on January 13, 2009 (see Confessore v Rossi Pharm., Inc., 119 AD3d 510, 511 [2014]; Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1487-1488 [2014]; cf. Ash v City of New York, 109 AD3d 854, 855 [2013]). Similarly, the evidence submitted by 28-90 Review demonstrated the existence of a triable issue of fact as to whether it had constructive

notice of the alleged dangerous condition (*see Farrell v Waldbaum's, Inc.*, 73 AD3d 846, 847 [2010]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]). Therefore, neither defendant demonstrated its prima facie entitlement to judgment as a matter of law. Accordingly, those branches of their motions should have been denied without regard to the sufficiency of the plaintiff's papers in opposition (*see Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748, 749 [2014]). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.