◼ NINEL GLEYZER, Respondent, v SNL MEAT & PRODUCE, INC., Doing Business as KEY FOOD SUPERMARKET, Defendant, and MIKE'S DISTRIBUTORS et al., Appellants. [24 NYS3d 157]—

In an action to recover damages for personal injuries, the defendant Mike's Distributors and Luis Roberto Padilla, sued herein as John Doe, appeal from so much of an order of the Supreme Court, Kings County (Walker, J.), entered December 23, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she tripped and fell over an empty bread tray that was on the floor of the dairy/bakery aisle at a Key Food supermarket in Brooklyn. Prior to the accident, Luis Roberto Padilla, sued herein as John Doe, an employee of the defendant Mike's Distributors, had placed the empty bread tray on the floor as he was stocking shelves in that aisle. The plaintiff commenced this action against Mike's Distributors, John Doe, and the owner of the supermarket. Mike's Distributors and Padilla (hereinafter the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the placement of the tray on the floor was open and obvious and not inherently dangerous. The plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court denied both motions. The appellants appeal from so much of the order as denied their motion for summary judgment.

The Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, since they failed to make a prima facie showing of entitlement to judgment as a matter of law. In support of their motion, the appellants submitted Padilla's affidavit stating that he stocked the shelves containing bread by emptying the trays of bread that had been stacked on a dolly, and then stacking the emptied trays on the floor. His affidavit also stated that the dimensions of the tray were $5^{1}/_{4}$ inches tall by $23^{1}/_{4}$ inches wide, and $21^{1}/_{2}$ inches long. The appellants also submitted a copy of the supermarket's surveillance video, which showed that the floor of the subject aisle was clear when the plaintiff entered it and that Padilla placed a tray on the ground toward the center of the aisle eight seconds before the accident occurred at a point where another patron with a shopping cart was passing between the plaintiff and Padilla. The video also demonstrated that, immediately before the accident occurred, the plaintiff had moved toward the middle of the aisle in order to allow a second patron with a shopping cart to pass and had been looking to her left at the second patron before stumbling over the tray, which was low to the ground and to her right. Based on the particular facts of this case, contrary to the appellants' contention, they failed to establish that the condition was open and obvious and not inherently dangerous as a matter of law (*see Russo v Home Goods, Inc.*, 119 AD3d 924, 926 [2014]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]; *see also Beck v Bethpage Union Free School Dist.*, 82 AD3d 1026, 1028 [2011]; *Naletilic v Dan's Key Food*, 47 AD3d 903, 904 [2008]).

Accordingly, the Supreme Court properly denied the appel-

lants' motion for summary judgment dismissing the complaint insofar as asserted them, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.