Clayton v Marcy Supermarket & Deli Corp. (2021 NY Slip Op 01027)





Clayton v Marcy Supermarket & Deli Corp.


2021 NY Slip Op 01027


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-09369 
2019-01292
 (Index No. 16844/14)

[*1]Sandra Clayton, appellant,
v
Marcy Supermarket and Deli Corp., respondent.


Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Jillian Rosen], of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated May 21, 2018, and (2) an order of the same court dated November 30, 2018. The order dated May 21, 2018, granted the defendant's motion for summary judgment dismissing the complaint. The order dated November 30, 2018, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order dated May 21, 2018.
ORDERED that the order dated May 21, 2018, is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, and the order dated November 30, 2018, is vacated; and it is further,
ORDERED that the appeal from the order dated November 30, 2018, is dismissed as academic in light of our determination on the appeal from the order dated May 21, 2018; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff tripped and fell over cases of canned food that were stacked approximately one foot high on the floor at the end of an aisle in the defendant's store. She subsequently commenced this personal injury action against the defendant. The defendant moved for summary judgment dismissing the complaint. In an order dated May 21, 2018, the Supreme Court granted that motion. The plaintiff subsequently moved for leave to reargue her opposition to the defendant's motion for summary judgment. In an order dated November 30, 2018, the court, inter alia, in effect, upon reargument, adhered to its prior determination granting the defendant's motion. The plaintiff appeals.
"While a possessor of real property has a duty to maintain that property in a reasonably safe condition, there is no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous" (Shermazanova v Amerihealth Med., P.C., 173 [*2]AD3d 796, 797 [citation omitted]). The issue of whether a condition is open and obvious and not inherently dangerous is case-specific, and usually a question of fact for a jury (see Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811; Shermazanova v Amerihealth Med., P.C., 173 AD3d at 797).
Here, the defendant's submissions in support of its motion for summary judgment failed to establish, prima facie, that the alleged open and obvious condition was not inherently dangerous as a matter of law (see e.g. Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799-800; Gleyzer v SNL Meat & Produce, Inc., 135 AD3d 817, 818; Russo v Home Goods, Inc., 119 AD3d 924, 926). Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied its motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, the plaintiff's remaining contention has been rendered academic.
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court