Kean-Chong v MBA-Vernon Blvd., LLC (2024 NY Slip Op 03419)

Kean-Chong v MBA-Vernon Blvd., LLC

2024 NY Slip Op 03419

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-08429
 (Index No. 708797/19)

[*1]Judith I. Kean-Chong, respondent, 
v
MBA-Vernon Boulevard, LLC, et al., appellants.

Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Gary W. Caliendo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), dated June 27, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries, alleging that she tripped and fell while attempting to step onto a defective curb in a parking lot. The incident occurred outside a store operated by the defendant Costco Wholesale Corporation (hereinafter Costco). The store and parking lot, including the allegedly defective curb, were located on property owned by the defendant MBA-Vernon Boulevard, LLC (hereinafter MBA), and leased by Costco (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint. In an order dated June 27, 2023, the Supreme Court denied the motion. The defendants appeal.
"'While a possessor of real property has a duty to maintain that property in a reasonably safe condition, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous'" (Butler v NYU Winthrop Hosp., 225 AD3d 658, 659, quoting Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029). "The issue of whether a condition is open and obvious and not inherently dangerous is case-specific, and usually a question of fact for a jury" (Clayton v Marcy Supermarket & Deli Corp., 191 AD3d 842, 843).
Here, the defendants failed to establish, prima facie, that the allegedly defective condition of the curb where the accident occurred was open and obvious and not inherently dangerous (see Brady v 2247 Utica Ave. Realty Corp., 210 AD3d 621, 622-623; Kastin v Ohr Moshe Torah Inst., Inc., 170 AD3d 697, 699). Furthermore, contrary to the defendants' contention, they failed to establish, prima facie, that MBA was an out-of-possession landlord that was not contractually obligated under the lease to repair the curb where the plaintiff's accident allegedly occurred, as the defendants failed to submit a copy of the lease between MBA and Costco (see Amparo v Christopher One Corp., 225 AD3d 652, 654; Cicio v Kingswood Props., LLC, 224 AD3d 656, 657).
In light of the defendants' failure to meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court